IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM PHILLIPPI,

     Plaintiff,                 Case No. 08-cv-02445-JAM-GGH

       v.

                                  ORDER AWARDING COSTS

STRYKER CORPORATION, a Michigan corporation; STRYKER SALES CORPORATION, a Michigan corporation; et al.

     Defendants.
_____/

    This matter comes before the Court on Plaintiff Adam Phillippi's ("Plaintiff's") Objections (Doc. 102) to Defendants Stryker Corporation and Stryker Sales Corporation ("Defendants'") Amended Bill of Costs. (Doc. 101). Plaintiff, the losing party, asks the court to deny an award of costs to Defendants, the prevailing party at summary judgment in this personal injury products liability suit, due to the disparity in income between Plaintiff and Defendants. At oral argument, Defendants' opposed Plaintiff's objections and sought an award

of $18,206.95 in costs, as specified in the Amended Bill of Costs. For the reasons set forth below, the Court awards costs to Defendants.

Costs are awarded pursuant to Federal Rule of Civil Procedure 54, which states that, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. Association of Mexican-American Educators v. State of California, 231 F. 3d 527, 591 (9th Cir. 2000). A district court must specify reasons for its refusal to tax costs to the losing party. Id.

Plaintiff cites several cases in which courts have denied cost awards, after considering factors such as the losing party's limited financial resources, (see National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982), indigency (see Stanley v. University of Southern California, 178 F. 3d 1069, 1079 (9th Cir. 1999), and the economic disparity between the parties (see Assoc. of Mexican-American Educators, 231 F. 3d at 591.) However, all of the cases cited by Plaintiff are readily distinguishable from the case at hand. All are civil rights cases, in which the importance of the rights at issue was

a factor in denying costs. No such rights were at issue in the present case. This was simply one Plaintiff seeking monetary damages for an injury he alleged was caused by Defendants. There are no unique or extraordinary circumstances which justify the Court exercising its discretion to deny costs to Defendants in this personal injury products liability case. Accordingly, Plaintiff's objections are overruled.

ORDER

For the reasons set forth above, Defendants are awarded $18,206.95 in costs. Execution of this award is stayed until final resolution of the pending appeal before the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:  September 20, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE